IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM JOSEPH BROWN, | ) |
| | ) |
| Petitioner | )    Case No. 1:19-cv-00060 |
| | ) |
| vs. | ) |
| | )    RICHARD A. LANZILLO |
| KATHY BRITTAIN, *Superintendent* | )    UNITED STATES MAGISTRATE JUDGE |
| *SCI Frackville,* DISTRICT ATTORNEY | ) |
| OF ERIE COUNTY, ATTORNEY | ) |
| GENERAL OF THE STATE OF, | )    MEMORANDUM OPINION AND |
| PENNSYLVANIA, and | )    ORDER ON PETITION FOR WRIT OF |
| ROBERT GILMORE, | )    HABEAS CORPUS [ECF No. 16] |
| | ) |
| Respondents | ) |

MEMORANDUM OPINION

Before the Court is a petition for a writ of habeas corpus filed by Adam Joseph Brown, an inmate at the State Correctional Institution at Benner Township, pursuant to 28 U.S.C. § 2254. ECF No. 16. For the reasons that follow, the petition will be denied as untimely.[1]

I.   Background

A review of the record and the criminal docket sheet for Brown's underlying convictions in *Commonwealth v. Brown*, No. CP-25-CR-0002744-2013 (Erie Cnty. Com. Pl.),[2] discloses the following relevant facts. Brown was convicted by a jury of two counts of attempted homicide and robbery and multiple other charges related to an attack on an elderly couple in their home. On July 1, 2014, he was sentenced to an aggregate term of 60 to 120 years' imprisonment. Brown filed a direct appeal; the

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

[2] The criminal docket is available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-25-CR-0002744-2013&dnh=5AjbJuvEammkf8DdpLsKcw%3d%3d (last visited February 4, 2021).

Pennsylvania Superior Court affirmed his judgment of sentence on September 24, 2015. *Commonwealth v. Brown*, 133 A.3d 78 (Pa. Super. 2015) (unpublished memorandum). The Pennsylvania Supreme Court denied Brown's petition for allowance of appeal on March 15, 2016. *Commonwealth v. Brown*, 134 A.3d 54 (Pa. 2016).

On February 24, 2017, Brown filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq. After counsel was appointed, Brown filed an amended petition, which was dismissed by the trial court on October 12, 2017. The Pennsylvania Superior Court affirmed the dismissal of the PCRA petition on June 6, 2018. *Commonwealth v. Brown*, 193 A.3d 1052 (Pa. Super. 2018) (unpublished memorandum). The Pennsylvania Supreme Court denied Brown's petition for allowance of appeal on December 5, 2018. *Commonwealth v. Brown*, 198 A.3d 1052 (Pa. 2018).

Brown filed a petition for a writ of habeas corpus on or about March 7, 2019. ECF No. 1. Respondents filed a response to the petition on May 24, 2019. ECF No. 8. Brown filed an amended petition on August 2, 2019. ECF No. 16. Respondents filed a response to the amended petition on November 29, 2019. ECF No. 31.

II.    Analysis

A.    AEDPA Statute of Limitations

Respondents argue, *inter alia*, that Brown's petition should be denied as untimely. ECF No. 31 at 1-2. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review;

(B)     the date on which the impediment to filing an
application created by State action in violation of
the Constitution or laws of the United States is
removed, if the applicant was prevented from filing
by such State action;

(C)     the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if
that right has been newly recognized by the
Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)     the date on which the facts supporting the claim or
claims presented could have been discovered
through the exercise of due diligence.

(2) The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period
of limitation under this section.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year

limitations period, a federal court must undertake a three-part inquiry.  First, the court must determine the

"trigger date" for the one-year limitations period pursuant to section 2244(d)(1).  *Caldwell v. Mahally, et

al.*, 2019 WL 5741706, *5 (W.D. Pa. Nov. 5, 2019).  Second, the court must determine whether any

"properly filed" applications for post-conviction or collateral relief were pending during the limitations

period that would toll the statute pursuant to section 2244(d)(2).  *Id.*  Third, the court must determine

whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

*Id.*

    1.     Trigger Date Calculation

Brown sets forth multiple grounds for relief in his petition, none of which implicate newly

enunciated constitutional rights or facts that were discovered after his judgment of sentence became final.

3

Furthermore, there were no state-created impediments that prevented Brown from raising these claims sooner. Consequently, the "trigger date" for these claims is the date on which his judgment of sentence became final. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

Brown's judgment of sentence became final on or about March 15, 2016, at the conclusion of his direct appeal. The one-year limitations period for filing a habeas corpus petition began to run on that date. 28 U.S.C. § 2244(d)(1)(A). Accordingly, Brown had to file any federal habeas petition by March 15, 2017. Because Brown filed his petition was filed on March 7, 2019, his petition is statutorily time-barred. Given this deficiency, the Court must determine whether he can take advantage of the statutory tolling provision set out in Section 2244(d)(2).

> 2.     Statutory Tolling

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding.

Brown filed his PCRA petition on February 24, 2017, approximately 346 days after the statute of limitations had begun to run. That PCRA petition was "properly filed," thus, the proceedings thereupon tolled the statute of limitations until they were concluded on December 5, 2018, when the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition. The statute of limitations started to run again the following day, December 6, 2018. At that time, Brown still had approximately 19 days remaining in which to file a timely petition (365-346=19). Pursuant to the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266 (1988), Brown filed his petition on March 7, 2019, 91 days later. Thus, his petition is untimely.

3.     Equitable Tolling

Next, the Court must consider whether AEDPA's statute of limitations should be equitably tolled, thereby rendering the petition timely filed. *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)). The Supreme Court has held that the habeas time bar is not jurisdictional, but instead subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). To receive the benefit of equitable tolling, however, a petitioner must show that he (1) pursued his rights diligently, and (2) that extraordinary circumstances prevented him from filing a timely petition. *Holland*, 560 U.S. at 649.

The diligence required of a prisoner in pursuing the timely filing of his habeas petition is "reasonable diligence," not maximum diligence. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland*, 560 U.S. at 653). The reasonable diligence test is subjective, taken in light of the petitioner's circumstances. *Id.* at 800 (citations omitted). A petitioner bears a "strong burden to show specific facts" supporting equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). "[L]ack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)).

Brown has neither alleged nor established that he pursued his rights diligently or that extraordinary circumstances prevented him from filing a timely petition. Therefore, equitable tolling cannot excuse the untimeliness of his petition and allow this Court to consider the merits of his claims.

III.    Conclusion

For the foregoing reasons, the petition will be denied as untimely.

5

IV.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2253(c)(1)(A).  It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should not issue unless the petitioner shows, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Applying that standard here, jurists of reason would not find it debatable whether the petition should be denied as untimely.  Accordingly, the Court will not issue a certificate of appealability.

An appropriate Order follows.

## ORDER

AND NOW, this 9th day of February, 2021, for the reasons set forth in the Memorandum Opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that Petitioner Adam Joseph Brown's petition for a writ of habeas corpus is DENIED with prejudice and a certificate of appealability is DENIED.  The Clerk of Court is directed to mark this case CLOSED as of this date.

RICHARD A. LANZILLO
United States Magistrate Judge