IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM JOSEPH BROWN, | ) |
| Petitioner | ) Case No. 1:19-cv-00060 |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| KATHY BRITTAIN, *Superintendent* | ) Chief United States Magistrate Judge |
| *SCI Frackville,* DISTRICT ATTORNEY | ) |
| OF ERIE COUNTY, ATTORNEY | ) |
| GENERAL OF THE STATE OF, | ) MEMORANDUM OPINION AND |
| PENNSYLVANIA, and | ) ORDER ON PETITION FOR WRIT OF |
| ROBERT GILMORE, | ) HABEAS CORPUS [ECF No. 2] |
| Respondents | ) |

MEMORANDUM OPINION

Before the Court is a petition for a writ of habeas corpus filed by Adam Joseph Brown, an inmate at the State Correctional Institution at Forest, pursuant to 28 U.S.C. § 2254. ECF No. 16. For the reasons that follow, the petition will be denied.[1]

I.   Background

A review of the record and the criminal docket sheet for Brown's underlying convictions in *Commonwealth v. Brown*, No. CP-25-CR-0002744-2013 (Erie Cnty. Com. Pl.), discloses the following relevant facts. Brown was convicted by a jury of two counts of attempted homicide and robbery and multiple other charges related to an attack on an elderly couple in their home, during which he slit both of their throats and stole money and various other items from them. On July 1, 2014, he was sentenced to an aggregate term of 60 to 120 years' imprisonment. Brown filed a direct appeal; the Pennsylvania Superior Court affirmed his judgment of sentence on September 24, 2015. *Commonwealth v. Brown*, 133

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

1

A.3d 78 (Pa. Super. 2015) (unpublished memorandum). The Pennsylvania Supreme Court denied Brown's petition for allowance of appeal on March 15, 2016. *Commonwealth v. Brown*, 134 A.3d 54 (Pa. 2016).

On February 24, 2017, Brown filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq. After counsel was appointed, Brown filed an amended petition, which was dismissed by the trial court on October 12, 2017. The Pennsylvania Superior Court affirmed the dismissal of the PCRA petition on June 6, 2018. *Commonwealth v. Brown*, 193 A.3d 1052 (Pa. Super. 2018) (unpublished memorandum); ECF No. 8-7. The Pennsylvania Supreme Court denied Brown's petition for allowance of appeal on December 5, 2018. *Commonwealth v. Brown*, 198 A.3d 1052 (Pa. 2018).

Brown's petition for a writ of habeas corpus was filed in this Court on March 7, 2019. ECF No. 1.[2] Respondents filed a response to the petition on May 24, 2019. ECF No. 8.[3]

II.  Analysis

    1.  Ground One: *Brady* violation

Brown first asserts that the prosecution withheld material discovery evidence that was "exculpatory and impeaching in nature." ECF No. 2 at 3. He does not identify this evidence or develop this claim in any way. He does assert that he raised this issue in his direct appeal from his judgment of sentence. The Superior Court held as follows:

---

[2] Based on this filing date, this Court initially issued a Memorandum Opinion and Order in which the instant petition was dismissed as untimely. ECF No. 42. However, upon review of Brown's subsequently filed Motion for Reconsideration, ECF No. 46, the Court found support for Brown's averment that the petition had been timely filed on December 10, 2018, pursuant to the prisoner mailbox rule. The Court granted reconsideration and permitted Respondents to file a memorandum or supplemental brief addressing the arguments raised in Brown's motion. ECF No. 48. Respondents did not respond. The case has been reopened. ECF No. 50. The previous Memorandum Opinion and Order will be vacated. The Court will accept the December 10, 2018, date as the new filing date for the instant petition, rendering the petition timely.

[3] Brown later filed an amended petition, ECF No. 16, but the Court has granted his request, ECF No. 49, to disregard the amended petition and consider only the initial petition. ECF No. 50.

2

After the denial of his post-sentence motions, Brown received a letter from the prosecuting district attorney, Chief Deputy District Attorney Brian Krowicki, informing him that the Commonwealth failed to turn over audio recordings of the victims' interviews with the police. Based upon this letter, Brown filed a motion for reconsideration of his post-sentence motion. The trial court scheduled a hearing on Brown's motion for reconsideration for September 10, 2014. Before that hearing occurred, Attorney Krowicki appeared in the chambers of the trial judge and stated that he intentionally failed to turn the audio recordings over as part of discovery. When the September 10, 2014 hearing convened, the trial court disclosed Attorney Krowicki's admission. The Commonwealth stated that it did not know about Attorney Krowicki's discussion with the trial judge but argued that his actions did not amount to a *Brady*[fn 2] violation because the information was not material or exculpatory, and also argued that a police report, which Brown had been provided with in discovery, was almost a verbatim account of the recordings. Brown indicated that he had just been given the audio tapes and transcriptions thereof and that he needed time to evaluate the discrepancies between them and the police report that was used during trial. The trial court gave Brown seven days in which to file "a written argument with any law you want to cite or anything you want to put in concerning this issue[.]" N.T., 9/10/14, at 9.

Meanwhile, on September 22, 2014, the Commonwealth moved to reopen the record on Brown's motion to reconsider. The trial court granted this request, and at a subsequent hearing, the Commonwealth presented testimony from, inter alia, Attorney Krowicki and Donald McAleer, Ph.D., his treating psychologist, as to Attorney Krowicki's mental state during these events and at the time of the hearing. Essentially, according to Dr. McAleer, Attorney Krowicki was suffering from extreme stress and paranoia, which caused Attorney Krowicki to make a false confession to the trial judge and eventually led to him take a leave of absence from his position with the Erie County District Attorney. He remained on leave at the time of the hearing. The trial court denied Brown's motion for reconsideration ….

. . .

"The law governing alleged *Brady* violations is well settled. In *Brady*, the United States Supreme Court held that 'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Commonwealth v. Lambert*, 884 A.2d 848, 853 (Pa. 2005). The *Brady* rule encompasses impeachment evidence. *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013). "[T]o establish a *Brady* violation, a defendant must demonstrate that: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant." *Commonwealth v. Haskins*, 60 A.3d 538, 547 (Pa. Super. 2012).

> On the question of materiality, the Court has noted that "[s]uch evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Strickler v.*

3

> *Greene*, [] 119 S.Ct. 1936 [](1999) (quoting [*U.S. v.*] *Bagley*, [] 105 S. Ct. [3375,] 3383 [(1985)]). The materiality inquiry is not just a matter of determining whether, after discounting the inculpatory evidence in light of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions. "Rather, the question is whether 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *Strickler*, [] 119 S.Ct. at 1952 (quoting *Kyles*, [] 115 S.Ct. at 1566).

*Lambert*, 884 A.2d at 854.

The trial court found that the evidence at issue, the audio tapes, were potentially a source of impeachment evidence, as they exhibited discrepancies between the statement of events that the victim told the police immediately after the crime and her testimony at trial. Trial Court Opinion, 12/16/14, at 3. However, the trial court further found that in consideration of the overwhelming wealth of other evidence of Brown's guilt, there was no reasonable probability that the disclosure of this impeachment evidence would have led to a different result, and therefore, that there was no *Brady* violation. *Id.* at 4-7.

We conclude that the evidence was not material in that its omission did not result in prejudice to Brown. In addition to the victim's testimony and identification of Brown as the man who assaulted and stole from her and her husband, the record reveals the following evidence of Brown's guilt: the presence of the female victim's blood on Brown's face, hands, shirt, jeans and shoes; the blood of both victims on the knife and handgun found in Brown's possession; eleven shoeprints from Brown's shoes found in the victims' home; Brown's admission to his cousins that he slit the throats of two elderly people; Brown's possession of the victims' vehicle and other items from their home; and the identification of Brown by the victims' neighbor, who observed Brown speaking with the female victim outside of their home on the morning of the attack. N.T., 5/12/14, at 84-89, 101-15; 120-25; N.T., 5/13/14, at 130-40, 154-56.

Brown identifies two "obvious differences that could have been used to impeach [the victim] by means of reference to her prior inconsistent statement." Brown's Brief at 10. First, that the victim told the police that the attacker sexually assaulted her with a knife but did not state that this occurred at trial or the preliminary hearing, and second, that the victim told the police that the attacker's gun was black, but testified at trial that it was silver. *Id.*[fn 3] Our review of the record reveals that he is correct, but even if the sum of these discrepancies led the jury to completely discredit the victim's testimony, that would not create a reasonable probability of a different outcome because of the other independent evidence outlined above.[fn 4] Thus, Brown was not prejudiced and the materiality test fails. It was Brown's burden to establish all three of the prongs necessary for a finding of a *Brady* violation, *Commonwealth v. Paddy*, 609 Pa. 272, 15 A.3d 431, 451 (Pa. 2011), and he has failed to do so.

…

[footnote 2] *Brady v. Maryland*, 83 S.Ct. 1194 (1963).

4

> [footnote 3] We note that Brown points out additional alleged discrepancies between the tape recording and the police report. Brown's Brief at 11-12. The impeachment value of some of these alleged discrepancies is questionable, such as Brown's complaint that the victim's stated on the tape that Brown "pushed" past her to get into her home, but the report states that he "busted" past her. *Id.* at 11.
>
> [footnote 4] Tellingly, Brown does not discuss any of the other evidence against him in his discussion as to the materiality of the tape recordings.

*Brown*, 133 A.3d 78 (unpublished memorandum at 3-6).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if a state court rejects a claimed federal violation on the merits, a federal court may not grant habeas relief unless the petitioner shows that the ruling:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.§ 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004); *Thomas v. Horn*, 570 F.3d 105 (3d Cir. 2009).

An unreasonable application of federal law focuses on whether the state court unreasonably applied relevant United States Supreme Court holdings. *White v. Woodall*, 572 U.S. 415, 419-20 (2014). A petitioner must show an error so egregious "that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011).

An unreasonable determination of the facts is one where the petitioner proves by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), that the conclusion drawn from the evidence by the state court is so improbable that it "blinks reality." *Miller-El v. Dretke*, 545 U.S. 231, 266 (2005). As long as

reasonable minds might disagree about the correctness of a factual determination, a federal habeas court must defer to the state court's determination. *Rice v. Collins*, 546 U.S. 333, 341-42 (2006).

As stated above, Brown does not develop this claim in any way. He fails to even assert the applicability of § 2254(d). While the Court must construe a *pro se* litigant's pleadings liberally, it is not required to act as an advocate for him. *United States v. Peppers*, 482 Fed. App'x 702, 704 (3d Cir. 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and *Pliler v. Ford*, 542 U.S. 225, 231 (2004)). In short, Brown has failed to meet his burden under § 2254(d). He thus cannot receive habeas relief on this claim.

Brown lists five other grounds for relief: (1) three claims of ineffective assistance of trial counsel; and (2) two claims of trial court error alleged to be violations of the 5th and 14th Amendments to the United States Constitution. ECF No. 2 at 4-7. He exhausted these claims in the litigation of his PCRA petition. The Superior Court of Pennsylvania, upon reviewing these claims, found: (1) the ineffectiveness claims to be without merit; and (2) the claims of trial court error to be waived. ECF No. 8-7 at 4-12. It is not necessary to set forth the whole of the state court's rulings, however, because, as with the first ground for relief, Brown fails to assert the applicability of § 2254(d), let alone carry his burden thereunder. He thus cannot receive habeas relief on these claims.

IV.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.*

§ 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standards here, jurists of reason would not find it debatable whether Brown's claims should be denied for the reasons given herein. Accordingly, no certificate of appealability should issue.

An appropriate Order follows.

## ORDER

AND NOW, this 22nd day of December, 2022, for the reasons set forth in the Memorandum Opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that the prior Memorandum Opinion and Order, ECF No. 42 is vacated. IT IS FURTHER ORDERED that Petitioner Adam Joseph Brown's petition for a writ of habeas corpus, ECF No. 2, is DENIED and a certificate of appealability is DENIED. The Clerk of Court is directed to mark this case CLOSED as of this date.

RICHARD A. LANZILLO
Chief United States Magistrate Judge